IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORTH STAR INNOVATIONS INC., | § § | |
| Plaintiff, | § § | C.A. No. _____ |
| v. | § § | **JURY TRIAL DEMANDED** |
| SOCIONEXT AMERICA INC., | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff NORTH STAR INNOVATIONS INC. ("Plaintiff") files this Original Complaint against Defendant SOCIONEXT AMERICA INC. ("Defendant" or "Socionext") alleging as follows:

### I. THE PARTIES

1. Plaintiff is a Delaware corporation with its principal place of business at Plaza Tower, 600 Anton Boulevard, Suite 1350, Costa Mesa, CA 92626. Plaintiff is a subsidiary of Wi-LAN Technologies Inc.

2. Defendant is a California corporation with a principal place of business at 1250 E. Arques Avenue, #333, Sunnyvale, CA 94085. Defendant's California registered agent is Jesus E. Martinez, 1250 E. Arques Avenue, #333, Sunnyvale, CA 94085.

### II. JURISDICTION AND VENUE

3. This is an action for infringement of United States patents. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

4. Defendant has had minimum contacts with the District of Delaware such that this venue is fair and reasonable. Defendant has committed such purposeful acts and/or transactions in this District that it reasonably should know and expect that it could be hailed into this Court as

1

a consequence of such activity. Defendant has transacted and, at the time of the filing of this Complaint, is transacting business within the District of Delaware.

5. Further, Defendant manufactures, assembles and/or sells products that are and have been used, offered for sale, sold, and/or purchased in the District of Delaware. Defendant directly and/or through its distribution network, places infringing products or systems within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that those products will be sold and/or used in the District of Delaware.

6. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III.   COUNT ONE: INFRINGEMENT OF '555 PATENT

7. On July 12, 2005, United States Patent No. 6,917,555 ("the '555 Patent") was duly and legally issued for an "INTEGRATED CIRCUIT POWER MANAGEMENT FOR REDUCING LEAKAGE CURRENT IN CIRCUIT ARRAYS AND METHOD THEREFOR." A true and correct copy of the '555 Patent is attached hereto as Exhibit "A" and made a part hereof. Generally speaking, the '555 Patent relates to integrated circuits, and more specifically relates to a novel power management design that, among other things, minimizes current leakage within an integrated circuit.

8. Defendant, without authority, consent, right, or license, and in direct infringement of the '555 Patent, manufactures, has manufactured, makes, has made, uses, imports, has imported, markets, sells, or offers for sale systems or products that infringe one or more claims of the '555 patent. By way of example only, Defendant's Milbeaut image processor series including its 69AE6Y MB8AC0230 microprocessor product and any other similarly structured or functioning products that include an integrated circuit having a power management design in

accordance with the '555 Patent ("'555 Accused Products"), directly infringe at least Claims 1 and 3 of the '555 Patent. The '555 Accused Products infringe the '555 Patent because, at a minimum, they comprise an integrated circuit having a power management design with processing circuitry, a memory array coupled to the processing circuitry, and control circuitry coupled to the memory array for removing electrical connectivity by disabling access to the memory array and removing electrical power to the memory array to reduce leakage current, all of which are arranged in an infringing manner in accordance with Claims 1 and 3 of the '555 Patent.  By providing the circuit in this configuration, the chip experiences, among other things, a lower amount of current leakage as described as a key advantage of the novel '555 Patent circuit design.

9.    Further, Defendant induces infringement of the above listed claims of the '555 Patent by others and is therefore liable for indirect infringement.  Specifically, by way of example only, Defendant provides '555 Accused Products to be incorporated into consumer electronic products and other electronic devices used within the United States.  One example is the inclusion of the '555 Accused Products in digital cameras sold by Sony Corporation of America, such as the Sony DSC-W830 compact camera.  Defendant has had knowledge of, or was willfully blind to, the '555 Patent and knowledge of, or was willfully blind, to the fact that its actions would induce infringement of each of the above listed claims since at least as early as the filing of this Complaint.

10.    Defendant possesses a specific intent to induce infringement of the above listed claims of the '555 Patent by, at a minimum, providing product briefs, specification sheets and/or instructions on how to incorporate the '555 Accused Products into consumer electronic products that would infringe the '555 Patent.

11. Alternatively, Defendant has purposefully and voluntarily placed, or caused or encouraged to be placed, infringing products into the stream of commerce with the expectation that its '555 Accused Products will be purchased by customers in the United States.

## IV. COUNT TWO: INFRINGEMENT OF '686 PATENT

12. On December 10, 2002, United States Patent No. 6,492,686 ("the '686 Patent") was duly and legally issued for an "INTEGRATED CIRCUIT HAVING BUFFERING CIRCUITRY WITH SLEW RATE CONTROL." A true and correct copy of the '686 Patent is attached hereto as Exhibit "B" and made a part hereof. The '686 Patent is generally related to integrated circuits, and more specifically to buffering circuitry with slew rate control for integrated circuits.

13. Further, and by way of example only, Defendant's Milbeaut image processor series including its 69AE6Y MB8AC0230 product and any other similarly structured or functioning products ("'686 Accused Products"), infringe at least Claims 1, 2, 12 and 13 of the '686 Patent. The '686 Accused Products infringe the '686 Patent because, at a minimum, they comprise at least a first terminal, a second terminal, a first transistor having a first body, a first control electrode, a first source region, and a first drain region. In this configuration, the first body, the first source region, and the first drain region are shorted together and are coupled to the first terminal. The second transistor has a second body, a second control electrode, a second source region, and a second drain region. In this configuration, the second body, the second source region, and the second drain region are shorted together and are coupled to the second terminal. The second control electrode is coupled to the first control electrode, and the second transistor is of a same conductivity type as the first transistor.

14.     Further, Defendant induces infringement of the above listed claims of the '686 patent by others and is therefore liable for indirect infringement.  Specifically, by way of example only, Defendant provides '686 Accused Products to be incorporated into consumer electronic products and other electronic devices used within the United States.  One example is the inclusion of the '686 Accused Products in digital cameras sold by Sony Corporation of America, such as the Sony DSC-W830 compact camera.  Defendant has had knowledge of, or was willfully blind to, the '686 Patent and knowledge of, or was willfully blind, to the fact that its actions would induce infringement of each of the above listed claims since at least as early as the filing of this Complaint.

15.     Defendant possesses a specific intent to induce infringement of the above listed claims of the '686 Patent by, at a minimum, providing product briefs, specification sheets and/or instructions on how to incorporate the '686 Accused Products into consumer electronic products or to manufacture the '686 Accused Products in a way that would infringe the '686 Patent.

16.     Alternatively, Defendant has purposefully and voluntarily placed, or caused or encouraged to be placed, infringing products into the stream of commerce with the expectation that its '686 Accused Products will be purchased by customers in the United States.

### V.   COUNT THREE: INFRINGEMENT OF '274 PATENT

17.     On August 24, 1999, United States Patent No. 5,943,274 ("the '274 Patent") was duly and legally issued for a "METHOD AND APPARATUS FOR AMPLIFYING A SIGNAL TO PRODUCE A LATCHED DIGITAL SIGNAL."  A true and correct copy of the '274 Patent is attached hereto as Exhibit "C" and made a part hereof. The '274 Patent relates generally to a method and apparatus used in an output stage of memory in an integrated circuit, and more specifically is used to amplify a signal to produce a latched signal.

18. Further, and by way of example only, Defendant's Milbeaut image processor series including its 69AE6Y MB8AC0230 product and any other similarly structured or functioning products ("'274 Accused Products"), infringe at least Claims 1, 2, 3, 4, 8, 9, and 11 of the '274 Patent. The '274 Accused Products infringe the '274 Patent because, at a minimum, they comprise an output stage of memory having a timing circuit, a differential amplifier responsive to the timing circuit, an impedance control circuit, a level converter responsive to the differential amplifier and impedance control circuit, and a clock-free latch responsive to the level converter, all of which are arranged in an infringing manner in accordance with Claims 1, 2, 3, 4, 8, 9, and 11 of the '274 Patent. Further, Defendant has infringed Claim 20 by practicing the steps of the method at least by testing and/or operating the '274 Accused Products. By providing the circuit in this configuration, the chip experiences, among other things, a more efficient design and economy of parts, as well as increased speed, as described as a key advantage of the novel '274 Patent circuit design.

19. Further, Defendant induces infringement of the above listed claims of the '274 Patent by others and is therefore liable for indirect infringement. Specifically, by way of example only, Defendant provides '274 Accused Products to be incorporated into consumer electronic products and other electronic devices used within the United States. One example is the inclusion of the '274 Accused Products in digital cameras sold by Sony Corporation of America, such as the Sony DSC-W830 compact camera. Further, the end user of a consumer electronics device that includes the '274 Accused Product directly infringes Claim 20 of the '274 Patent. Defendant has had knowledge of, or was willfully blind to, the '274 Patent and knowledge of, or was willfully blind, to the fact that its actions would induce infringement of each of the above listed claims since at least as early as the filing of this Complaint.

20.     Defendant possesses a specific intent to induce infringement of the above listed claims of the '274 Patent by, at a minimum, providing product briefs, specification sheets and/or instructions on how to incorporate the '274 Accused Products into consumer electronic products or to manufacture the '274 Accused Products in a way that would infringe the '274 patent.

21.     Alternatively, Defendant has purposefully and voluntarily placed, or caused or encouraged to be placed, infringing products into the stream of commerce with the expectation that its '274 Accused Products will be purchased by customers in the United States.

### VI.     COUNT FOUR: INFRINGEMENT OF '762 PATENT

22.     On January 18, 2005, United States Patent No. 6,844,762 ("the '762 Patent") was duly and legally issued for a "CAPACITIVE CHARGE PUMP."  A true and correct copy of the '762 Patent is attached hereto as Exhibit "D" and made a part hereof. The '762 Patent relates generally to a capacitive charge pump that can be implemented in integrated circuits.

23.     Further, and by way of example only, Defendant's Milbeaut image processor series including its 69AE6Y MB8AC0230 product and any other similarly structured or functioning products ("'762 Accused Products"), infringe at least Claims 11, 32, and 33 of the '762 Patent. The '762 Accused Products infringe the '762 Patent because, at a minimum, they include a charge pump comprised of an output node, a first capacitor with a first terminal coupled to a first circuit node.  The configuration also includes a first switch with a first current electrode coupled to the first circuit node, a control electrode coupled to receive a first switch control signal, and a second current electrode coupled to the output node.  Further, the first switch control signal controls charge transfer between the first capacitor and the output node. The configuration also includes a second capacitor that has a first terminal coupled to a second terminal of the first capacitor and a second terminal coupled to a first voltage supply.  All of

these components are arranged in a manner that infringes at least Claims 11, 32, and 33 of the '762 Patent.

24. Further, Defendant induces infringement of the above listed claims of the '762 Patent by others and is therefore liable for indirect infringement. Specifically, by way of example only, Defendant provides '762 Accused Products to be incorporated into consumer electronic products and other electronic devices used within the United States. One example is the inclusion of the '762 Accused Products in digital cameras sold by Sony Corporation of America, such as the Sony DSC-W830 compact camera. Defendant has had knowledge of, or was willfully blind to, the '762 Patent and knowledge of, or was willfully blind, to the fact that its actions would induce infringement of each of the above listed claims since at least as early as the filing of this Complaint.

25. Defendant possesses a specific intent to induce infringement of the above listed claims of the '762 Patent by, at a minimum, providing product briefs, specification sheets and/or instructions on how to incorporate the '762 Accused Products into consumer electronic products or to manufacture the '762 Accused Products in a way that would infringe the '762 patent.

26. Alternatively, Defendant has purposefully and voluntarily placed, or caused or encouraged to be placed, infringing products into the stream of commerce with the expectation that its '762 Accused Products will be purchased by customers in the United States.

27. Plaintiff expressly reserves the right to assert additional claims of the Patents-in-Suit.

### VII.   PLAINTIFF HAS BEEN DAMAGED

28. The '555, '686, '274 and '762 Patents are referred to as the "Patents-in-Suit." Plaintiff is the owner of all right, title and interest in and to the Patents-in-Suit, with all rights to

enforce them against infringers and to collect damages for all relevant times, including the right to prosecute this action.

29. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Based on Defendant's objective recklessness, Plaintiff is further entitled to enhanced damages under 35 U.S.C. § 284.

## VIII. JURY DEMAND

30. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '555, '686, '274 and '762 Patents have been directly infringed, either literally or under the doctrine of equivalents, by Defendant, or judgment that one or more of the claims of the '555, '686, '274 and '762 Patents have been directly infringed by others and indirectly infringed by Defendant, to the extent Defendant induced such direct infringement by others;

b. Judgment that Defendant accounts for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

  c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

  d. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

  e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 2, 2016            Respectfully submitted,

Of Counsel:                 FARNAN LLP

| | |
|---|---|
| Jonathan T. Suder | /s/ Michael J. Farnan |
| Corby R. Vowell | Brian E. Farnan (Bar No. 4089) |
| Dave R. Gunter | Michael J. Farnan (Bar No. 5165) |
| FRIEDMAN, SUDER & COOKE | 919 N. Market St., 12th Floor |
| 604 East 4th Street, Suite 200 | Wilmington, DE 19801 |
| Fort Worth, TX  76102 | (302) 777-0300 |
| 817-334-0400 | (302) 777-0301 |
| Fax:  817-334-0401 | bfarnan@farnanlaw.com |
| jts@fsclaw.com | mfarnan@farnanlaw.com |
| vowell@fsclaw.com | |
| gunter@fsclaw.com | |
| | *Attorneys for Plaintiff* |